The opinion of the Court was delivered by
Colcock, J.
If the plaintiff’s- title^had depended on the conveyance of the surviving executor alone, it could not have supported his action, for it was made before the Act of 1787, (P. L. 423, 1 Brev. Dig. 332,)[1] which gives the power to a majority of the qualified electors, under a will, to sell; it was, therefore, ineffectual by the statute, 21 Henry 8, chap, 4, (P. L. 45, 1 Brev. Dig. 327,)[2] where this power is delegated to executors. Those who qualify, and take upon themselves the execution of a will, are required *all to’join in the conveyance.' But as the Court of Equity had decreed a title to be made by the heirs at law, and that title had been executed, the plaintiff was entitled to his recovery; no other objection having been made to his title. It was not necessary that the surviving executor should have signed the deed made by the heirs, or any other new deed.
Nott, Cheves, Gantt and Johnson, JJ!, concurred.

 5 Stat. 15.

 2 Stat. 457.